UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF )
THE EXTRADITION OF ) Misc. No. 5:20-MJ-1115-RN
LISHA CHEVONNE MALMGREN )

COMPLAINT FOR ARREST
WITH A VIEW TOWARD EXTRADITION
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to Sweden.

2. There is an extradition treaty in force between the United States and Sweden.[1]

3. Pursuant to the Treaty, the Government of Sweden has submitted a formal request through diplomatic channels for the extradition of Lisha Chevonne Malmgren ("Malmgren").

---

[1] Convention on Extradition Between the United States of America and Sweden, U.S.-Swed., Oct. 24, 1961, 14 U.S.T. 1845; *as amended by* the Supplementary Convention on Extradition Between the United States of America and the Kingdom of Sweden, U.S.-Swed., Mar. 14, 1983, 35 U.S.T. 2501 (together, the "bilateral extradition treaty"); *and* the Instrument as contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed 25 June 2003, as to the application of the Convention on Extradition Between the United States of America and Sweden signed 24 October 1961 and the Supplementary Convention on Extradition Between the United States of America and the Kingdom of Sweden signed 14 March 1983 (the "Instrument") with Annex (the "Annex"), U.S.-Swed., Dec. 16, 2004, S. TREATY DOC. NO. 109-14 (2006) (collectively, the "Treaty"). The Annex reflects the integrated text of the bilateral extradition treaty and the U.S.-EU Extradition Agreement.

1

4. According to the information the Government of Sweden has provided: Malmgren committed child abduction, an offense under Swedish law prosecutable pursuant to Chapter 7, Section 4, of the Swedish Penal Code. On June 1, 2018, the Sodertorn District Court in Sweden issued an order to detain Malmgren based on the following facts:

   a. Malmgren, a United States and Swedish citizen, was married to Dick Malmgren (the "father") until they divorced in 2015. After they separated, they shared joint custody of a child (the "child"), who was born in 2009.

   b. In June of 2017, Malmgren traveled with the child to the United States, with the father's consent. Malmgren and the child were supposed to return to Sweden on July 22, 2017, but they did not. On July 24, 2017, the father made a report of child abduction to Swedish authorities.[2]

   c. There is evidence that Malmgren does not intend to return to Sweden. The father stated that he receives Malmgren's mail, that she gets debt collection demands, and that personal effects are missing from her home. The father also stated that while Malmgren and the child were in the United States, he had only sporadic contact with the child via

---

[2] Pursuant to a February 7, 2019, order of the United States District Court for the Eastern District of North Carolina, the child eventually was returned to Sweden. *See Malmgren v. Malmgren*, No. 5:18-cv-287-BO, Dkt. No. 37 (E.D.N.C. Feb. 7, 2019).

2

Skype.

d. On October 19, 2017, and June 1, 2018, the Sodertorn District Court issued orders for Malmgren's detention for this offense, which it characterized as a "gross" offense under Swedish law.

e. On February 20, 2018, the Sodertorn District Court awarded the father sole custody of the child, finding, among other things, that:

> Lisha Malmgren has, through her behavior, grossly violated her responsibilities as custodian. She has, without the consent of [the father] (with whom she had joint custody) torn [the child] away from her accustomed environment and deprived her of the possibility of good and close contact with her father. The serious breach of parental responsibility which Lisha Malmgren has thereby demonstrated gives reason to strongly call into question her suitability as a custodian . . . .

*Malmgren*, No. 5:18-cv-287-BO, Dkt. No. 1-10. Malmgren appealed the judgment, but the appeal was denied on May 8, 2018. The Sodertorn District Court's ruling remains in force.

5. On June 18, 2018, the father filed a petition in the United States District Court for Eastern District of North Carolina, Western Division, seeking to repatriate the child to Sweden under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention) and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 *et seq*. *See Malmgren v. Malmgren*, 747 F. App'x 945 (4th Cir. 2019). On July 11, 2018, the district court held a preliminary hearing on the father's petition and ordered Malmgren to, among other things,

3

submit the child's passport to the court by July 16, 2018. On August 23, 2018, after Malmgren failed to do so, the court held a show cause and evidentiary hearing. See *Malmgren*, No. 5:18-cv-287-BO, Dkt. Nos. 17, 20, 22. On October 10, 2018, the district court denied the father's petition, finding that while he established a *prima facie* case that Malmgren wrongfully removed or retained the child, Malmgren met two defense requirements because (1) the father had delayed unreasonably for more than one year (in fact, the father filed three days shy of one year); and (2) the child was well-settled in her new environment. *See id.*, Dkt. No. 22 at 4–7. On January 16, 2019, the Fourth Circuit reversed and vacated, finding that because the father had petitioned within a year, the court could not reach the equitable question of whether the child was well-settled. *See Malmgren*, 747 F. App'x at 946. Accordingly, on February 7, 2019, the district court vacated its October 2018 order, granted the father's petition, and directed the child's prompt return to Sweden. *Malmgren*, No. 5:18-cv-287-BO, Dkt. No. 37. Pursuant to that order, the child was returned to Sweden.

6. Malmgren may be found within the jurisdiction of the Court at 3658 Durwood Lane, Raleigh, North Carolina. The United States Marshals Service has confirmed Malmgren's presence at this address.

7. Tom Heinemann, an attorney in the Office of the Legal Adviser of the Department of State, has provided the Department of Justice with a declaration that authenticates a copy of the diplomatic note by which the Government of Sweden requested extradition, states that the Treaty covers the offense for which

4

the Government of Sweden requests extradition, and confirms that the documents supporting the request for extradition bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs of Sweden in accordance with Article X(5) of the Annex so as to enable them to be received in evidence.

8. The declaration from the Department of State with its attachments, including a copy of the diplomatic note from the Government of Sweden, a copy of the Treaty, and the certified documents submitted in support of the request, (marked collectively as Government's Exhibit 1) are filed with this complaint and incorporated by reference herein.

9. Malmgren likely would flee if she learned of the existence of a warrant for her arrest.

(remainder of page left intentionally blank)

WHEREFORE, the undersigned requests that a warrant for Malmgren's arrest issue in accordance with the Treaty and 18 U.S.C. § 3184 so that Malmgren may be arrested and brought before this Court "to the end that the evidence of criminality may be heard and considered," and that this complaint and the warrant be placed under the seal of the Court until such time as the warrant is executed.

GABRIEL J. DIAZ
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 30th day of January, 2020, at Raleigh, North Carolina.

ROBERT T. NUMBERS, II
United States Magistrate Judge