IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-MJ-1115-BO

IN RE: REQUEST FOR CERTIFICATION )
OF THE EXTRADITION OF LISHA ) ORDER
CHEVONNE MALMGREN )

This cause comes before the Court following a hearing on the government's request for certification of the extradition of Lisha Chevonne Malmgren held before the undersigned on February 27, 2020, at Raleigh, North Carolina. Counsel for the government, relator Malmgren, and her counsel appeared at the hearing. Having considered the evidence and argument presented, the Court determines that the government has failed to show that the extradition of Lisha Malmgren to Sweden must be certified.

## BACKGROUND

On January 30, 2020, the United States filed a complaint for arrest with a view toward extradition pursuant to 18 U.S.C. § 3184 in light of Sweden's request for the extradition of Lisha Malmgren. [DE 1].[1] On February 11, 2020, Lisha Malmgren was arrested by the United States Marshal. United States Magistrate Judge Robert T. Numbers, II held an initial appearance and later a detention hearing. Following the detention hearing, Magistrate Judge Numbers ordered the government to answer whether, consistent with its treaty obligations, the United States Department of State and the appropriate Swedish officials could accommodate Ms. Malmgren's

---

[1] The Court relies on the declaration of Tom Heinemann, Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, and the documents attached and referred to therein as the relevant United States-Sweden treaty and treaty provisions. *See* [DE 15-1]. The relevant treaty will be referred to herein as the Treaty, and the Treaty Annex, which reflects the integrated text of the bilateral extradition treaty and the United States-European Union Agreement, will be referred to as the Annex.

flight to Sweden which is currently scheduled for March 1, 2020. The United States responded that neither it nor the government of Sweden could accommodate Ms. Malmgren's flight to Sweden in light of the pending extradition request and other concerns.

Ms. Malmgren filed a notice of related case in this matter, citing a prior proceeding before the undersigned which had been filed against her pursuant to the Hague Convention on Civil Aspects of International Child Abduction. *Malmgren v. Malmgren,* No. 5:18-CV-287-BO (E.D.N.C.). On February 25, 2020, Magistrate Judge Numbers entered an order detaining Ms. Malmgren pending the extradition hearing. This matter was subsequently reassigned to the undersigned. The extradition hearing was held on February 27, 2020.

Ms. Malmgren is a United States citizen. She acquired Swedish citizenship following her marriage to her former husband, Dick Malmgren, a Swedish citizen. The Malmgrens married in the United States in 2003 and moved together to Sweden in 2004. The minor child was born in 2009 in Sweden. The child is a citizen of both Sweden and the United States. The Malmgrens separated in 2014 and were divorced in May 2015. Following their divorce, Mr. and Ms. Malmgren exercised joint custodial rights pursuant to Swedish law.

In June 2017, Ms. Malmgren brought the minor child to the United States for a four-week visit with the consent of Mr. Malmgren. Ms. Malmgren and the minor child did not return to Sweden in July 2017; rather, Ms. Malmgren informed Mr. Malmgren in late June 2017 that she and the minor child would remain in the United States until after Labor Day, and later in July 2017, informed Mr. Malmgren that she and the minor child would remain in the United States for the next year so that Ms. Malmgren could care for her mother. *See Malmgren*, No. 5:18-CV-287-BO [DE 22].

2

Case 5:20-mj-01115-BO    Document 33    Filed 02/27/20    Page 2 of 8

On October 19, 2017, and June 1, 2018, the Sodertorn District Court in Sweden issued orders for Ms. Malmgren's detention. On February 20, 2018, the Sodertorn District Court awarded Mr. Malmgren sole custody of the minor child. On June 18, 2018, Mr. Malmgren filed a petition under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001, *et seq.* in this Court. *Malmgren*, No. 5:18-CV-287-BO [DE 1]. On October 10, 2018, this Court denied Mr. Malmren's Hague Convention petition on timeliness and equitable grounds. *Id.* at [DE 22]. Mr. Malmgren appealed, and on January 16, 2019, the court of appeals vacated this Court's order, holding that Mr. Malmgren had filed his petition within one year, and thus this Court could not reach the equitable question of whether the minor child was well-settled with her mother in the United States. *Malmgren v. Malmgren*, 747 F. App'x 945, 946 (4th Cir. 2019). By order entered February 7, 2019, this Court effected the mandate of the court of appeals, vacated its prior order, granted Mr. Malmgren's Hague petition, and ordered return of the minor child to Sweden.

## DISCUSSION

An extradition hearing is limited to determining whether the crime is one for which the relator or fugitive may be extradited and whether there is probable cause to sustain the charge. *Ordinola v. Hackman*, 478 F.3d 588, 608 (4th Cir. 2007) (Traxler, J., concurring) (citing *Prasoprat v. Benov*, 421 F.3d 1009, 1012 (9th Cir. 2005)). Specifically, the judicial officer must certify a relator for extradition where (1) the judicial officer is authorized to conduct the proceeding; (2) the court has jurisdiction over the fugitive; (3) the applicable treaty is in full force and effect; (4) the crimes for which extradition is requested are covered by the applicable treaty; and (5) sufficient evidence exists to support a finding of probable cause as to each charge for which extradition is sought. 18 U.S.C. § 3184; *Fernandez v. Phillips*, 268 U.S. 311, 312

3

(1925). The probable cause standard is the same as that applied in preliminary federal hearings, and the judicial officer must determine whether there is competent evidence upon which to "justify holding the accused to await trial, and not . . . whether the evidence is sufficient to justify a conviction." *Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006).

During this limited proceeding, the judge may rely on hearsay, and the relator's evidence which conflicts with the government's evidence is inadmissible; the relator's explanatory evidence, which eliminates probable cause, may, however, be admitted. *Id.* Extradition treaties are to be liberally construed to effect extradition, and courts have applied additional self-limiting principles to ensure that they do not unnecessarily intrude into the executive's treaty prerogative. *Ordinola*, 478 F.3d at 608. The rule of non-inquiry, for example, requires courts to refrain from assessing the competence or fairness of the requesting government's justice system. *Id.* Courts also afford the executive's construction of the applicable treaty great weight. *Id.*; *see also Matter of Extradition of Caro*, 283 F. Supp. 3d 993, 997-98 (D. Colo. 2017).

The underlying procedural and factual background in this matter is generally not in dispute. Ms. Malmgren does not contest that this judicial officer in authorized to conduct the extradition proceeding, that this Court has jurisdiction over her, that the applicable treaty is in full force and effect, or that the crime for which extradition is requested is covered by the applicable treaty. This case turns on whether sufficient probable cause has been presented that Ms. Malmgren committed *gross* child abduction.

Importantly, the parties agree that the Swedish offense of child abduction is insufficient to support extradition pursuant to the Treaty due to the fact that it carries a maximum punishment of one year imprisonment; an offense is extraditable under the Treaty only if is punishable by a deprivation of liberty for a period of at least two years. Annex, Art. II § 1. Only if there is

4

probable cause to find that Ms. Malmgren committed gross child abduction would the penalties be sufficient to warrant extradition under the treaty.

It is also undisputed that what constitutes gross child abduction is not defined by Swedish law. The examples of a gross child abduction offense provided by the Swedish prosecutor in the extradition papers include taking a child from her accustomed environment to a foreign country where she was forced to live entirely cut off from contact with her previous home and without knowing whether she would ever meet her other parent again. [DE 15-1 at 47]. The prosecutor notes that one of the most important factors is the duration of the removal/separation and that another factor is whether the parent from whom the child has been removed or separated had the possibility of making contact with the child. *Id.*

As discussed above, a relator may offer explanatory, but not contradictory, evidence to aid the Court in its probable cause determination. While the line between explanatory and contradictory evidence

> [i]n practice . . . is not easily drawn, . . . the rule serves the useful purpose of allowing the defendant to present reasonably clear-cut proof ... of limited scope that has some reasonable chance of negating a showing of probable cause, while preventing the extradition proceedings from becoming a dress rehearsal trial.

*Hoxha*, 465 F.3d at 561 (internal alterations and citation omitted). At bottom, the relator may introduce evidence which bears upon the issue of probable cause, but she is not permitted to introduce evidence that relates strictly to a defense she might offer at trial. *Collins v. Loisel*, 259 U.S. 309, 316 (1922).

In support of the probable cause determination, the United States relies on the submissions by the Swedish authorities, particularly the statement of the Swedish prosecutor regarding conduct which generally constitutes gross child abduction as well as the two orders for detention and the order awarding Mr. Malmgren sole custody of the minor child which were

5

issued by the Sodertorn District Court. The extradition request defines Ms. Malmgren's conduct as gross, and the orders of the Sodertorn court do as well. For example, the October 19, 2017, detention order describes the crime as "gross since the daughter has had her contact with he father cut off and has been taken abroad." The June 1, 2018, detention order describes the crime as gross because the child had been retained in the United States for a long time during which she was largely cut off from her contact with her father. *See* [DE 15-1 at 47-78]. Finally, the custody order notes that Ms. Malmgren "grossly violated her responsibilities as a custodian," citing Ms. Malmgren's deprivation of the minor child's possibility of good and close contact with her father and removal from her accustomed environment. *Id.* at 48.

While the Court must consider Sweden's assessment of Ms. Malmgren's conduct, it may not abandon its duty to consider whether probable cause has been demonstrated. *See Atuar v. United States*, 156 F. App'x 555, 563 n.11 (4th Cir. 2005).

> The probable cause standard does not even require that the government make its showing by a preponderance of the evidence. But neither is it toothless. All evidence does not have the same importance even if it is authentic and admissible.

*United States v. Kin-Hong*, 110 F.3d 103, 120–21 (1st Cir. 1997). Probable cause exists when the judicial officer is satisfied that there is "evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'" *Atuar*, 156 F. App'x at 562 (citation omitted).

Ms. Malmgren's evidence supports that Mr. Malmgren's contact with the minor child was not cut off, nor was the minor child forced to live cut off from her father. To the contrary, Ms. Malmgren's testified that she facilitated Mr. Malmgren's contact with the minor child by purchasing devices and software to allow the child and Mr. Malmgren to talk over video-chat, phone calls, and text. She testified that the minor child and Mr. Malmgren had regular and normal contact, that Mr. Malmgren had the minor child's phone number and could initiate

6

contact, and that she (Ms. Malmgren) sent photos of the minor child and her school activities to Mr. Malmgren regularly. During the detention hearing, Ms. Malmgren's grandmother testified that Mr. Malmgren spoke to the minor child every week on Sunday on the telephone. Ms. Malmgren testified that she and the minor child invited Mr. Malmgren to come to the United States for Christmas in 2017, but Mr. Malmgren declined, choosing instead to travel from Sweden to Thailand. Ms. Malmgren testified that she provided Mr. Malmgren with the minor child's school calendar so that he could arrange visits to the United States, but that he declined to do so. While Mr. Malmgren was in the United States for proceedings pursuant to the Hague Convention petition, he and the minor child were together every day.

Although the Court has considered and weighed the court documents from Sweden, it has also considered Ms. Malmgren's sworn testimony regarding the contact between Mr. Malmgren and the minor child during the relevant time period. Although the minor child was away from Mr. Malmgren for a lengthy period, there is persuasive evidence that his contact with her was in no way cut off, that he was encouraged to visit the child, and that he communicated with the child often, even speaking to her every Sunday by phone. The materials provided by Sweden do not indicate that the gross offense of child abduction is committed when there is merely separation for a period of time. Rather, the examples provided suggest there must be some additional factor present, such as lack of communication or contact or forcible prevention of contact between the minor and the other parent. Here, Ms. Malmgren facilitated regular communication between Mr. Malmgren and the minor child and Mr. Malmgren was able to make contact with the child. There is simply insufficient evidence to support a finding of probable cause that the offense of gross child abduction has been committed by Ms. Malmgren.

7

## CONCLUSION

Based upon the foregoing, the Court determines that Ms. Malmgren does not "appear to be extraditable under the relevant treaty", *Ordinola*, 478 F.3d at 607, because there is not probable cause to support that she committed gross child abduction. Ms. Malmgren is ORDERED released from the custody of the United States Marshal FORTHWITH.

SO ORDERED, this 27 day of February, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE